UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


JAMES D. SUTTON AND JANE G. SUTTON                                    PLAINTIFFS

V.                                                         CIVIL ACTION NO. 1:05cv706-LTS-RHW

CITIMORTGAGE, INC., FIRST AMERICAN                                    DEFENDANTS
FLOOD DATA SERVICES, INC., ABC CORPORATION
AND XYZ CORPORATION

## **ORDER**

    This matter is before the Court on motions to dismiss by Defendant Citimortgage, Inc. [21] (which has filed answers [4] and [16] to the original [1] and amended [15] complaints) and Defendant First American Flood Data Services, Inc. [18] (which has filed no answer and asserts that it should be correctly identified as First American Real Estate Solutions of Texas, L.P.).  The defendants will be referred to herein as Citimortgage and First American.

    As amended, Plaintiffs' complaint asserts causes of action arising from a mortgage loan for their residence originally issued through SouthTrust Mortgage Corporation and later assigned to Citimortgage.  As part of the loan, Plaintiffs signed a Flood Insurance Authorization for the lienholder to purchase flood insurance.  At the top of the authorization are the words "Flood Insurance Act."  The authorization, which Plaintiffs label as an obligation, reads in pertinent part as follows:

> This Authorization is extended only in the case where a determination is made subsequent to closing that flood insurance is necessary and then only for the purchase of sufficient flood insurance necessary to market the loan and/or to comply with any and all federal, state, county, and municipal regulations and/or regulations of the Federal Home Loan Bank Board, Federal Reserve Bank Board, institutional investors, etc. .
>
> At any time during the life of the loan covering the above property such flood insurance policy may be purchased from the agent designated by the undersigned mortgagor(s) [Plaintiffs] subsequently furnished to [mortgagee].  The premium may be paid from the escrow on hand and the proper adjustment made to the monthly payment.
>
> [Mortgagee] where time and applicable regulations allow shall provide the undersigned mortgagor(s) with 10 days written notice that flood insurance must be purchased, the amount necessary, and an estimate of the cost.  If a response is not received from the undersigned mortgagor(s) within 10 days of such notice,

>[mortgagee] is hereby authorized to take whatever steps necessary to purchase flood insurance coverage from whatever source advisable under the circumstances and provide the undersigned mortgagor(s) with a copy of the policy.

These transactions, including the assignment, occurred in September and October 2000. The amount of the original deed of trust is $1,500,000.

According to Plaintiffs, their home was damaged in part by flood water during Hurricane Katrina on August 29, 2005. Soon after the storm, Plaintiffs learned that there was no flood insurance because it had been determined that their home was not in a flood zone. They originally sued Citimortgage, but added First American as a defendant because it made a determination in 2000 that the home was not in a special flood hazard area containing the letters "A" or "V" zone. The comments on the standard flood hazard determination form at that time indicated that the property was partially within a special flood hazard area, but that the residence structure was not affected and was not in the floodplain, and that this determination was based on the location of the home as shown on a survey. Standard language on the form also referred to the National Flood Insurance Program map, and any other information needed to locate the building on the NFIP map, as the bases for the determination. It is further alleged that in October 2005, Citimortgage issued a standard flood hazard determination that Plaintiffs' residence was located in Special Hazard Flood Zone A-9.

Citimortgage's and First American's motions to dismiss are commonly based on the theory that Plaintiffs have no private right of action against them under the federally regulated flood insurance scheme. First American emphasizes that its performance of flood zone determination services for regulated lenders is provided for their sole use pursuant to the Flood Disaster Protection Act and its offspring.

Plaintiffs counter that they have sued under Mississippi common law theories of negligence, gross negligence, breach of contract, negligent misrepresentation, breach of express warranty, and breach of implied warranty. Their original and amended complaints also allege that "there may be violations of federal law by the Defendants."

The one standard which none of the parties address is that which is applicable to a motion to dismiss. In considering a motion under Fed. R. Civ. P. 12(b)(6), the Court must accept as true the well-pleaded facts set out in the complaint, and the Court must allow all inferences favorable to the Plaintiffs. *Lowery v. Texas A & M University System*, 117 F.3d 242 (5th Cir. 1997). Dismissal is proper only if it appears that the Plaintiffs can prove no set of facts in support of their allegations that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41 (1957).

The only party that has not filed an answer (First American) attempts to convert the motion to dismiss into one for summary judgment because of limited material preliminarily introduced by the Plaintiffs in their response. The Court declines this suggestion, and views the case under the dismissal standards outlined in the preceding paragraph.

One of the primary cases on which Defendants rely is *Till v. Unifirst Federal Savings and Loan Association*, 633 F.2d 152 (5th Cir. 1981).  In *Till*, the court of appeals indeed affirmed the trial court's holding that there is no implied federal private cause of action under the federal flood laws, but it reversed the granting of summary judgment which dismissed appellants' state law claims with prejudice.  Because removal was based on federal question jurisdiction and diversity did not exist, it was determined that the proper course of action was for the case to be remanded to state court to allow the pursuit of Mississippi common law claims.

This Court acknowledges the authority cited by Defendants in which other courts have held, in situations where an *Erie* guess was made, that the particular state law under consideration would likewise not recognize a private right of action.  *See, e.g., Wentwood Woodside I, LP v. GMAC Commercial Mortgage Corporation*, 413 F.3d 310 (5th Cir. 2005)(applying Texas law).  However, as in *Till*, the analysis in *Wentwood* was made at the summary judgment stage.  *Cf. Ford v. First American Flood Data Services, Inc.*, 2006 WL 2921432 (M.D. N.C. Oct. 11, 2006)(applying North Carolina law in granting a motion to dismiss); *Callahan v. Countrywide Home Loans, Inc*., 2006 WL 2993178 (N.D. Fla. Oct. 20, 2006 (citing *Ford* and applying Florida law).

This Court is not at the point of discussing Mississippi law on the potential theories of recovery and related issues, and is not foreclosing consideration of a motion(s) for summary judgment following a full development of the record.  At this stage, however, it cannot be stated that Plaintiffs' cause of action fails under Fed. R. Civ. P. 12(b)(6).

Finally, it is necessary to comment on Plaintiffs' reliance on this Court's August 4, 2006, opinion in *Bramlett v. State Farm Fire and Casualty Co.*, 1:06cv134.  The Court had before it a motion to remand where a non-diverse insurance agent was named as a defendant.  Under the particular facts presented there, federal question jurisdiction under the National Flood Insurance Act was not present because the claims related to the procurement of flood coverage .  It does not stand for the proposition that state law claims are outside the federal statutory scheme to the extent that the common law theories automatically survive and withstand scrutiny.  This Court has jurisdiction of this matter because of diversity of citizenship and need look no further for present purposes.

Accordingly, **IT IS ORDERED**:

Defendant Citimortgage's [21] Motion to Dismiss is **DENIED**;

Defendant First American's [18] Motion to Dismiss is **DENIED**;

Inasmuch as Defendant Citimortgage submitted a [31] rebuttal with respect to its motion to dismiss, the [29] Motion for Extension of Time to file such a reply is **MOOT**.

**SO ORDERED** this the 14th day of November, 2006.

*s/* *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge


        S/ L. T. SENTER, JR.
        SENIOR JUDGE